UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MY PILLOW, INC., *a Minnesota corporation,*<br>　　　　　　Plaintiff,<br><br>v.<br><br>TELEBRANDS, INC., *a New Jersey corporation*,<br>　　　　　　Defendant. | Civil No. 12-389 (JRT/JJK)<br><br><br>**ORDER** |

Lora Mitchell Friedemann, **FREDRIKSON & BYRON**, 200 South 6th Street, Suite 4000, Minneapolis, MN  55402; Theodore F. Monroe, **LAW OFFICES OF THEODORE F. MONROE**, 801 South Figueroa, Suite 1200, Los Angeles, CA  90017; and William I. Rothbard, **LAW OFFICES OF WILLIAM I. ROTHBARD**, 1217 Yale Street, Suite 104, Santa Monica, CA  90404, for plaintiff.

Roger A. Colaizzi, **VENABLE LLP**, 575 Seventh Street NW, Washington, DC 20004; and Scott M. Flaherty, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN  55402, for defendant.

Plaintiff My Pillow, Inc. ("My Pillow") filed a motion for a temporary restraining order ("TRO") concerning the advertisements of defendant Telebrands, Inc. ("Telebrands").  My Pillow asserted that Telebrands' advertisements, which were still running on or shortly before My Pillow filed its TRO, constituted copyright infringement, trademark infringement, and trade dress infringement, among other violations of the law.

The Court will deny My Pillow's TRO motion because Telebrands is no longer distributing the advertisements to which My Pillow objected.  In light of the current status quo, the Court determines that a TRO is not needed at this time.  The Court will,

however, permit expedited discovery and a briefing schedule to allow for the timely consideration of My Pillow's anticipated preliminary injunction motion.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, Order to Show Cause for Preliminary Injunction, and for Expedited Discovery [Docket No. 4] is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's motion for a temporary restraining order and order to show cause for preliminary injunction is **DISMISSED without prejudice**.

2. Plaintiff's motion for expedited discovery is **GRANTED**:

    a. The parties shall complete expedited discovery by April 22, 2012;

    b. The parties may conduct expedited discovery on matters relevant to Plaintiff's anticipated preliminary injunction motion and/or Defendant's anticipated motion to dismiss and anticipated preliminary injunction motion.

3. The parties shall adhere to the following briefing schedule:

    a. Plaintiff shall submit its preliminary injunction motion and supportive memorandum on or before May 21, 2012;

---

[1] Telebrands indicated to the Court its intention to file a motion to dismiss and a preliminary injunction motion. The briefing for these motions, if filed, will follow the same briefing schedule, with Telebrands filing its motions and supportive memoranda on or before May 21, 2012.

      b.      Defendant shall submit its response to Plaintiff's preliminary injunction motion on or before June 4, 2012; and

      c.      Plaintiff shall submit its reply on or before June 11, 2012.

      d.      A hearing will be set at a date and time soon after receipt of all memoranda.

DATED: February 23, 2012  
at Minneapolis, Minnesota.

          s/ John R. Tunheim  
          JOHN R. TUNHEIM  
          United States District Judge